IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HANS P. HEINEMAN,

          Plaintiff,

Vs.                                                                  No. 06-4086-SAC

UNITED STATES OF AMERICA,
UNITED STATES ARMY, FEDERAL
BUREAU OF INVESTIGATION,
UNITED STATES MARSHALS SERVICE, and
LAW ENFORCEMENT AT CITY, COUNTY,
AND STATE LEVELS.

          Defendants.

MEMORANDUM AND ORDER

The case comes before the court on a motion to dismiss (Dk. 32) filed by the defendants Topeka Police Department, Roger Smith, Janene Falley, Jerry Stanley and Thomas Glor; motion for summary judgment and amend complaint filed by the plaintiff Hans P. Heinemann (Dk. 45); motion for default judgment filed by the plaintiff (Dk. 48); motion for reconsideration filed by the plaintiff (Dk. 50); and motion to dismiss filed by the defendant Kansas Department of Social & Rehabilitation Services (Dk. 53).

The plaintiff is pro se and has filed numerous pleadings and documents with lengthy attachments and exhibits.  The plaintiff's pleadings

are difficult to understand as they are filled with unclear references, vague language, random events, and unrelated claims. The record is made the more confusing by the plaintiff repeatedly filing pleadings that are contradictory and inconsistent with earlier filings. The court's responsibility in interpreting such pleadings and applying the rules of civil procedure to them is well defined.

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, a pro se litigant is not exempt from following the same rules of procedure as any other litigant. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993). "At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d at 1110. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. State of New Mexico*, 113 F .3d 1170, 1173-74 (10th Cir. 1997).

The plaintiff filed his complaint on August 4, 2006, alleging first, discrimination by the Kansas Legislature's denial of his claim for personal injuries against the Kansas Department of Social and Rehabilitation

2

Services, and second, retaliation and harassment by the State of Kansas and its representatives as evidenced by his loss of Section Eight housing and related incidents with Topeka police officers. (Dk. 1). The plaintiff's motion to proceed in forma pauperis was granted, and the summons and complaint were served on the following defendants named in the plaintiff's original complaint: Topeka Police Department, Jerry Stanley, Roger Smith, Tom Glor, Genna Falley, Topeka Housing Authority, Don Miller, Jerome Miller, Cornerstone of Topeka, Inc., Ken Williams, Kansas Department of Social and Rehabilitation Services, Sam Brownback, Jim Ryun, and Barry McMurphy. On August 22, 2006, the plaintiff filed, as a matter of course, his amended complaint naming as the only defendants: United States Army, Federal Bureau of Investigation, "all Northeast KS Law enforcement," United States Marshal, and "city, county, state enforcement." (Dk. 6). The plaintiff alleged a claim for these defendants to provide all of his records and files "related to this case" or pertaining to the U.S. Army's investigation in 1997. (Dk. 6 , p. 3). The amended complaint does not incorporate or adopt by reference the plaintiff's original complaint or the claims and parties alleged there. *See* Fed. R. Civ. P. 10(c).

"An amended complaint supersedes the original complaint and

3

renders the original complaint of no legal effect." *Franklin v. Kansas Dept. of Corrections*, 160 Fed. Appx. 730, *733-734, 2005 WL 3515716 at *1 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *see Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir.1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted)); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990); *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." (citing *See Washer v. Buillitt County*, 110 U.S. 558, 562 (1884))); 6 Charles A. Wright, et al., *Federal Practice and Procedure* § 1476, at 556-57 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ." (footnote omitted)). Upon the proper filing of an amended complaint, the district court limits its examination to those claims included in the most recently amended complaint. *Id.* Thus, "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original." *Hal Roach Studios Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d

1542, 1546 (9th Cir. 1990); *see* 6 *Federal Practice and Procedure* § 1476 p. 559 ("the original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading." (footnote omitted)). "However, pursuant to Rule 10(c), specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific." *Fullerton v. Maynard*, 943 F.2d 57, 1991 WL 166400, *2 (10th Cir. 1991) (Table) (citations omitted). It is not enough that the amended complaint "mentions the existence of a prior original complaint and refers generally to the 'informal relief' sought in that complaint, [if] the amended complaint makes no explicit and direct reference to specific allegations of the original complaint." *Id*. Though his pleadings enjoy a liberal construction, the pro se plaintiff remains "subject to the same rules of procedure that govern other litigants." *Id*.

Applying the above rules here, the district court must hold that the plaintiff's amended complaint supersedes allegations of his original complaint. The consequence is that the following persons and entities are no longer parties to this action: Cornerstone of Topeka, Inc., Ken Williams,

Barry McMurphy, Topeka Housing Authority, Don Miller, Kansas Department of Social and Rehabilitation Services, Sam Brownback, Jim Ryun, Pat Roberts, and Anthony Hensley.[1]  *See Scott v. Home Choice, Inc.*, 252 F. Supp. 2d 1129, 1131 (D. Kan. 2003).

Additionally, the plaintiff has filed a motion requesting that the court dismiss as parties from his lawsuit, the law enforcement community and its officers and the United States Army. (Dk. 45). The federal and local law enforcement defendants agree to their dismissal. The court grants the plaintiff's request to dismiss these parties who are all the defendants named in the plaintiff's amended complaint.[2]

In the same motion, the plaintiff alleges that he leaves the Kansas Department of Social and Rehabilitation Services in the case "because of false information" that has caused him irreparable harm. (Dk. 45, p. 2). He further "charge[s]" Phil Kline, Robert Hecht and Pat Roberts

---

[1] The plaintiff also requests in a recent motion that the court dismiss Anthony Hensley, Cornerstone of Topeka, Inc., Ken Williams, and Barry McMurphy as named defendants. (Dk. 45).

[2] The plaintiff's request results in the dismissal of the following defendants: Topeka Police Department, Jerry Stanley, Roger Smith, Tom Glor, Jerome Miller, Janene Fally, United States of America, United States Army, Federal Bureau of Investigation, and United States Marshals Service.

with depriving him of "civil liberties because" he is poor, disabled and a crime victim. (Dk. 45, p. 3). Having already amended his complaint once as a matter of course, the plaintiff must have leave of court to amend now. Fed. R. Civ. P. 15(a). The plaintiff's motion does not comply with D. Kan. Rule 15.1 as it does not "set forth a concise statement of the amendment" or attach the proposed pleading. Nor does the plaintiff's motion satisfy Fed. R. Civ. P. 7(b)(1) which provides that a motion "shall state with particularity the grounds therefor." Rule 7(b)(1) "advances the policies of reducing prejudice to either party and assuring that the court can comprehend the basis of the motion and deal with it fairly." *Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F.3d 1180, 1186 (10th Cir. 1999) (quotation and citation omitted). "[A] request for leave to amend must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it." *Id*. 1186-87. Such notices insure "[w]e do not require district courts to engage in independent research or read the minds of litigants to determine if information justifying an amendment exists." *Id*. at 1187 (internal quotation marks and citations omitted).

The plaintiff's motion fails to give adequate notice of not only the substance but the factual and legal basis for the proposed amendments. The plaintiff's motion does not comply with Fed. R. Civ. P. 7(b)(1) or D. Kan. Rule 15.1. The plaintiff's motion and related filings fall short of the pleading standard in Fed. R. Civ. P. 8 that requires "a short and plain statement of the claim showing that the pleader is entitled to relief." For all these reasons, the court denies the plaintiff's motion to amend.

IT IS THEREFORE ORDERED that with the filing of the plaintiff's amended complaint the following entities and persons were no longer parties to this action: Cornerstone of Topeka, Inc., Ken Williams, Barry McMurphy, Topeka Housing Authority, Don Miller, Kansas Department of Social and Rehabilitation Services, Sam Brownback, Jim Ryun, Pat Roberts, and Anthony Hensley;

IT IS FURTHER ORDERED that plaintiff's motion (Dk. 45) is granted to the extent that the law enforcement community and officers named as defendants--Topeka Police Department, Jerry Stanley, Roger Smith, Tom Glor, Jerome Miller, Janene Fally, United States of America, United States Army, Federal Bureau of Investigation, and United States

Marshals Service--and the United States Army are dismissed as parties in this action;

IT IS FURTHER ORDERED that the plaintiff's motion (Dk. 45) is denied in all other respects including the plaintiff's request to add as defendants, the Department of Social and Rehabilitation Services, Phil Kline, Robert Hecht and Pat Roberts;

IT IS FURTHER ORDERED that in light of the above rulings there are no pending claims or parties, the following motions are denied as moot:  motion to dismiss (Dk. 32) filed by the defendants Topeka Police Department, Roger Smith, Janene Falley, Jerry Stanley and Thomas Glor; motion for default judgment filed by the plaintiff (Dk. 48); motion for reconsideration filed by the plaintiff (Dk. 50); and motion to dismiss filed by the defendant Kansas Department of Social & Rehabilitation Services (Dk. 53), and the case shall be closed.

Dated this 16th day of November, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge